IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **INSTITUTE FOR WILDLIFE PROTECTION,** | 07-CV-358-PK |
| | **OPINION AND ORDER** |
| Plaintiff, | |
| **v.** | |
| **UNITED STATES FISH AND WILDLIFE SERVICE and DIRK KEMPTHORNE,** | |
| **Defendants.** | |

**DON WEBB**
Institute for Wildlife Protection
2630 Elinor St.
Eugene, OR 970403
(541) 434-6630

Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**JAMES L. SUTHERLAND**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1117

1 - OPINION AND ORDER

**RONALD J. TENPAS**
**JEAN E. WILLIAMS**
**SETH M. BARSKY**
**LAWSON E. FITE**
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0217

    Attorneys for Defendant


**BROWN, Judge.**

  Magistrate Judge Paul Papak issued Findings and Recommendation (#23) on July 25, 2007, in which he recommends this Court grant in part and deny in part Defendants' Motion to Dismiss (#8).  The Magistrate Judge recommends the Court grant Defendants' Motion to Dismiss Plaintiff's Claims One, Two, and Four; deny Defendants' Motion to Dismiss as to Plaintiff's Claim Three; and stay all proceedings as to Plaintiff's Claim Three.

  Both Plaintiff and Defendants filed timely objections to portions of the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v.*

2 - OPINION AND ORDER

*Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). When the parties do not file objections to the Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

The Court has carefully reviewed the record and considered the parties' Objections and the applicable legal principles as required. For the following reasons, the Court adopts in part and modifies in part the Findings and Recommendation as set out below.

## FACTUAL BACKGROUND

On October 18, 1993, Defendant United States Fish and Wildlife Service (FWS) listed the Oregon chub as an endangered species pursuant to the Endangered Species Act (ESA). 16 U.S.C. §§ 1531-1544.

After a species is listed, the ESA requires the appropriate agency to aid the species' recovery by designating critical habitat for it no longer than one year after it was listed. 16 U.S.C. § 1533(a)(3), (b)(6)(C). The ESA also requires the agency to perform status reviews of listed species no less than

once every five years from the date the species was listed.
16 U.S.C. § 1533(c)(2).  On October 18, 1993 FWS published its
intent to designate critical habitat for the Oregon chub.  *See*
58 Fed. Reg. 53803.  To date, however, FWS has neither designated
critical habitat nor performed a status review even though it
listed the Oregon chub as an endangered species 14 years ago.
FWS admits its failure to comply with the statute.

On March 8, 2007, one day before Plaintiff Institute for
Wildlife Protection filed this action, FWS issued notice that it
would begin a status review of the Oregon chub.  *See* 72 Fed. Reg.
10,547, 10,550 (Mar. 8, 2007).


## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on March 9, 2007, seeking
declaratory and injunctive relief.  Plaintiff alleges FWS and
Dirk Kempthorne, Secretary of the Interior, violated their
statutory duties as mandated by the ESA when they failed to
designate critical habitat for the Oregon chub (Claim One) and
failed to perform a status review at least once every five years
since the chub was listed (Claim Three).  Claim Two has the same
underlying basis as Claim One, but Plaintiff brings Claim Two
under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-59,
701-06, rather than the ESA.  Claim Four has the same underlying
basis as Claim Three, but, again, Plaintiff brings Claim Four

4 - OPINION AND ORDER

under the APA rather than the ESA.

Defendants move to dismiss each of Plaintiff's claims. Defendants contend (1) each of Plaintiff's claims is barred by the applicable statute of limitations, 28 U.S.C. § 2401(a); (2) the Court lacks jurisdiction over Plaintiff's Claims Two and Four under the APA; and (3) Plaintiff either lacks standing to bring Claim Three on the basis that Defendants failed to conduct status reviews of the Oregon chub, or, alternatively, that Plaintiff's Claim Three is "prudentially moot" or that all proceedings should be stayed as to Claim Three until FWS finishes its review.

Defendants also filed a Motion for Protective Order to limit the scope of discovery as to the administrative record.

The Magistrate Judge issued Findings and Recommendation on July 25, 2007, and the matter was referred to this Court on August 23, 2007.

## FINDINGS AND RECOMMENDATION

The Magistrate Judge recommends the Court dismiss Claims One, Two, and Four because Plaintiff brought these claims after expiration of the applicable statute of limitations. The Magistrate Judge also recommends the Court dismiss Claims Two and Four brought under the APA on the ground that the ESA provides an exclusive remedy for those claims. Finally, after finding the

5 - OPINION AND ORDER

Plaintiff has standing to challenge FWS's nonperformance of the required status reviews and after rejecting application of the prudential-mootness doctrine, the Magistrate Judge recommends this Court stay the proceedings as to Plaintiff's Claim Three to allow FWS to conduct its review of the Oregon chub.

If this Court wholly adopted the Findings and Recommendation, only Claim Three would remain and all proceedings as to Claim Three would be stayed.  The Magistrate Judge, therefore, did not make a recommendation as to Defendants' Motion for a Protective Order.


## DISCUSSION

### I.   Plaintiff's Claims One, Two, and Four:  Statute of Limitations.

The Magistrate Judge recommends this Court dismiss Plaintiff's Claims One, Two, and Four as time-barred because the period in which Plaintiff could bring these claims has expired under the applicable statute of limitations.  *See* 28 U.S.C. § 2401(a).  Section 2401(a) provides in relevant part that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

FWS listed the Oregon chub on October 18, 1993.  FWS elected to defer designation of critical habitat for one year pursuant to

the ESA, which allows an additional year to designate critical habitat if the decision is not determinable at the time the species is listed. *See* 16 U.S.C. § 1533(b)(6)(C)(ii). On March 9, 2007, Plaintiff brought claims requesting declaratory and injunctive relief under the citizen-suit provision of the ESA and under the APA to enforce the statutory mandates that compel FWS to designate critical habitat and to perform status reviews of the Oregon chub. *See* 16 U.S.C. §§ 1533(a)(3), (b)(6)(C), 1540(g); 5 U.S.C. §§ 702, 706.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss its claims on two grounds: (1) the statute of limitations does not apply to agency inaction that violates nondiscretionary, statutory duties and (2) if the Court finds the statue of limitations applies, FWS's unlawful inaction should be viewed as discrete violations that "reset" the statute each day the agency is in violation of the law.

As noted, the Court reviews *de novo* these portions of the Magistrate Judge's Findings and Recommendation.

**A.   Section 2401(a).**

The ESA does not specifically include a statute of limitations for citizen suits brought to enforce the statute. The Ninth Circuit has held the general statute of limitations at 28 U.S.C. § 2401(a) applies to actions arising under the ESA and has generally barred procedural and facial challenges to ESA

provisions and agency regulations brought more than six years
after agency action.  *See Wind River Mining Corp. v. United
States*, 946 F.2d 710, 714-15 (9th Cir. 1991).  *See also Alsea
Valley Alliance v. Evans*, 161 F. Supp. 2d 1154, 1160-61 (D. Or.
2001); *Or. Nat. Desert Ass'n*, No. 04-3096, 2007 WL 1072112, at *6
(D. Or. Apr. 3, 2007).  Although 28 U.S.C. § 2401(a) appears to
bar Plaintiff's Claims One, Two, and Four because it generally
governs "every civil case commenced against the United States,"
the Ninth Circuit recognized in *Wind River* that the statute does
not always apply.  Even though procedural and facial challenges
to agency actions are subject to § 2401(a), the court held:

> [i]f . . . a challenger contests the
> substance of an agency decision as exceeding
> constitutional or statutory authority, the
> challenger may do so later than six years
> following the decision . . . .  The
> government should not be permitted to avoid
> all challenges to its actions, even if *ultra
> vires*, simply because the agency took the
> action long before anyone discovered the true
> state of affairs.

946 F.2d at 715.

    Although the Ninth Circuit has recognized the above
exception to § 2401(a), it has not defined agency inaction as
*ultra vires* nor has it found § 2401(a) bars a citizen suit when
an agency has failed to act in compliance with statutory
requirements and that failure is not first challenged until more
than six years after the agency's first failure to act.

**B.    Findings and Recommendation.**

The Magistrate Judge found Plaintiff's right to bring an action accrued on the first day that FWS failed to designate critical habitat for the Oregon chub in accordance with the ESA. The Magistrate Judge then reasoned because the statute of limitations began to run at that time, Plaintiff's right to challenge the agency's inaction was barred after six years or approximately on December 17, 2000 (allowing for Plaintiffs' required 60-day notice of suit).  The Magistrate Judge notes statutes of limitations are  jurisdictional and should be strictly construed in favor of the government as a waiver of sovereign immunity. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998).  *See also Tosello v. United States*, 210 F.3d 1125, 1127 (9th Cir. 2000).  The Court, however, should not "assume the authority to narrow the waiver that Congress intended." *See United States v. Idaho*, 508 U.S. 1, 7 (1993).

As a basis for his recommendation, the Magistrate Judge relied on *Center for Biological Diversity v. Hamilton* in which the Eleventh Circuit barred the plaintiff's claim to compel FWS to comply with ESA's critical-habitat designation requirements after ten years of agency noncompliance had elapsed.  453 F.3d 1331 (11th Cir. 2006).  In *Hamilton*, the Eleventh Circuit construed § 2401(a) narrowly as time-barring the plaintiff's

9 - OPINION AND ORDER

claim for injunctive relief and, in accord with Eleventh Circuit
law, declined to extend the "continuing-violations doctrine" to
the environmental context. *Id.* at 1334-35. Thus, the court
viewed the agency's failure to act as a one-time violation of the
ESA that triggered the statute of limitations on the first day of
the agency's violation. *Id.* at 1335.

As noted in *Hamilton*, the continuing-violations doctrine
characterizes similar, continuous violations of the law as
single, ongoing violations rather than discrete violations of the
law that individually trigger the statute of limitations. *Id.* at
1335. Under the continuing-violations doctrine, however, the
mere existence of a lingering effect from a single, discrete
violation is not sufficient to escape the reach of the statute of
limitations. In any event, the governing statute of limitations
would begin to run on the last day of the continuing violation.

Although the Ninth Circuit has applied the continuing-
violations doctrine in employment and civil-rights litigation, it
has not considered whether to extend it to the environmental
context. *See, e.g., Douglas v. Cal. Dep't of Youth Auth.*, 271
F.3d 812 (9th Cir. 2001); *Gutkowski v. County of Placer*, 108 F.3d
256 (9th Cir. 2007). In fact, the Ninth Circuit has stated it
views the continuing-violations doctrine as an "exception, rather
than the rule." *Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th
Cir. 2003).

10 - OPINION AND ORDER

Thus, in light of the lack of explicit guidance by the Ninth Circuit and based on a strict construction of the plain language of § 2401(a), the Magistrate Judge recommends this Court adopt the Eleventh Circuit's analysis and decline to extend the continuing-violations doctrine to this case; find the statute of limitations, therefore, applies to Plaintiff's Claims One, Two, and Four; and, accordingly, dismiss each of those claims as time-barred.

**C.   Analysis.**

Even though the Magistrate Judge relied on the Eleventh Circuit's opinion in *Hamilton*, he noted the weight of authority supports Plaintiff's contention that either the statute of limitations is not applicable to cases of agency inaction or that each day's inaction by FWS is a separate violation that triggers the statute of limitations anew.  The Magistrate Judge cited eight cases from the Sixth, Tenth, and District of Columbia Circuits in which the courts held, contrary to the analysis adopted by the Eleventh Circuit, that the statute of limitations does not bar claims based on agency noncompliance with statutory duties.  *See, e.g., Wilderness Soc'y v. Norton*, 434 F.3d 584, 589 (D.C. Cir. 2006)(concludes in dicta that § 2401(a) does not time-bar actions to rectify agency inaction in violation of a statutory duty); *S. Utah Wilderness Alliance v. Norton*, 301 F.3d 1217, 1232 (10th Cir. 2002)(notes in dicta that an agency's

11 - OPINION AND ORDER

failure to act as statutorily mandated "should be considered an
ongoing failure to act, resulting in an ever-green cause of
action for failure to act"); *Nat'l Parks Conservation Ass'n*, 480
F.3d at 416-17 (6th Cir. 2007); *Schoeffler v. Kempthorne*, 493 F.
Supp. 2d 805, 814-22 (W.D. La. 2007); *Save the Valley, Inc. v.*
*U.S. Envtl. Prot. Agency*, 223 F. Supp. 2d 997, 1001 n.1 (D. Ind.
2002); *S. Appalachian Biodiversity Project v. U.S. Fish and*
*Wildlife Serv.*, 181 F. Supp. 2d 883, 887 (E.D. Tenn. 2001)("The
statute of limitations commences to run anew each and every day
that the Service does not fulfill the affirmative duty required
of it."); *Am. Canoe Ass'n v. U.S. Envtl. Prot. Agency*, 30 F.
Supp. 2d 908, 925 (D. Va. 1998); *Nat. Res. Def. Council v. Fox*,
909 F. Supp. 153, 159-60 (S.D.N.Y. 1995).  In short, courts
outside of the Ninth Circuit are split as to when the right to
bring an action accrues as a result of agency inaction, and there
does not appear to be any explicit Ninth Circuit authority on
point.

In evaluating how to proceed in the absence of guidance from
the Ninth Circuit, the Court considers the underlying purpose of
statutes of limitations and notes such statutes are grounded in
equity and based on the principles of avoiding stale claims,
achieving finality, and protecting those who rely on the law.
*See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974).
*See also Holmberg v. Ambrecht*, 327 U.S. 392, 396 (1946).  When

the statutory violation is a continuing one, however, "the staleness concern disappears." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982).

Here the Court notes FWS continues to study the Oregon chub even though it has failed to designate critical habitat. *See, e.g.,* 63 Fed. Reg. 19739, 19739-40 (Apr. 21, 1998)(provides notice of FWS's draft recovery plan for the Oregon chub). FWS, however, has not taken any final action that indicates designation of critical habitat is unnecessary or will not occur. In addition, neither the parties nor the public has demonstrated any protectable reliance or change of position based on FWS's lengthy inaction, and, in fact, any decision by this Court likely would promote finality by eliminating the uncertainty resulting from FWS's inaction. Moreover, the "application of a statute of limitations to a claim of unreasonable delay is grossly inappropriate, in that it would mean that [FWS] could immunize its allegedly unreasonable delay from judicial review simply by extending that delay for six years." *Am. Canoe Ass'n*, 30 F. Supp. 2d at 925. Thus, the principles that underlie the purpose of a statute of limitations are not advanced by and do not support barring claims that seek to hold an agency accountable for actions it is required by statute to perform for the benefit of the public.

13 - OPINION AND ORDER

In any event, this Court finds persuasive the District of Columbia Circuit's reasoning in *Wilderness Society*. As noted, the court in *Wilderness Society* reasoned the statute of limitations was inapplicable because the plaintiff did not "complain about what the agency has done but rather about what the agency has yet to do" in order to comply with its binding statutory duty to identify and to manage wilderness in the national park system. 434 F.3d at 588.

Here FWS also has an ongoing, binding statutory duty to designate critical habitat for the Oregon chub, and Plaintiff merely seeks to compel FWS to fulfill its duty under the ESA. In particular, there is nothing in the ESA to indicate FWS's duty to designate critical habitat is finite or expires at a certain point. In fact, the statute characterizes the duty as an ongoing one that requires FWS to perform periodic status reviews of endangered and threatened species to monitor the species' improvement or decline. 16 U.S.C. § 1533(c)(2). The statute also provides the agency "may, from time-to-time thereafter as appropriate, revise [its] designation [of critical habitat]." 16 U.S.C. § 1533(a)(3)(A)(ii). In addition, even though statutes of limitations are to be interpreted narrowly because they are waivers of sovereign immunity, the broad waiver of sovereign immunity embodied in the ESA citizen-suit provision that gives the public a large role in the enforcement of the statute

14 - OPINION AND ORDER

counsels against a mechanical application of the statute of limitations. *See* 16 U.S.C. § 1540(g).

Because FWS's mandatory, statutory duty to designate critical habitat did not expire in October 1994 when the agency first violated the ESA or at any time thereafter, the Court concludes each day that FWS does not designate critical habitat for the Oregon chub as required constitutes a single, discrete violation of the statute. Plaintiff's action, therefore, is timely because it seeks relief for the agency's failure to meet its ongoing duty. Thus, this Court need not look to the continuing-violations doctrine under these circumstances. *See, e.g., Nat'l Parks Conservation Ass'n v. TVA*, 480 F.3d 410, 416-17 (6th Cir. 2007)(when a plaintiff seeks equitable relief for a single violation among many repetitive, discrete violations and does not seek damages for injuries that are no longer actionable because of the statute of limitations, the court does not need to invoke the continuing-violations doctrine).

Based on these reasons, the weight of authority in other circuit and district courts, and the absence of Ninth Circuit precedent to the contrary, the Court declines to apply § 2401(a) to nullify, in effect, FWS's ongoing duty to designate critical habitat for the Oregon chub and to insulate the agency from challenges to any continued inaction, and the Court concludes each day that FWS does not act is a discrete, single violation of

15 - OPINION AND ORDER

the ESA because the agency is under a continuing duty to designate critical habitat for the Oregon chub.  Plaintiff's Claims One, Two, and Four, therefore, are not time-barred.

In any event, even if each day that FWS fails to designate critical habitat is not considered to be a single, discrete violation of FWS's duty under the ESA, Plaintiff's Claims One, Two, and Four would not be subject to the statute of limitations pursuant to *Wind River Mining*.  As noted, the court in *Wind River Mining* created an exception to the application of the statute of limitations for claims in which a plaintiff asserts an agency acted *ultra vires; i.e.,* in excess of its statutory authority. 946 F.2d at 715.  Although the Magistrate Judge noted FWS's inaction could be considered *ultra vires*, he declined to find FWS's inaction exceeded its statutory authority in light of the lack of guidance from the Ninth Circuit.  Here FWS has admitted it has failed to satisfy its duties under the ESA.  The Court notes FWS does not have the discretion to ignore its statutory duty to designate critical habitat for the Oregon chub, and, therefore, FWS's 13 years of noncompliance with the ESA exceeds its statutory authority.  Accordingly, the Court also concludes the statute of limitations does not apply to Plaintiff's Claims One, Two, and Four pursuant to *Wind River Mining.*

16 - OPINION AND ORDER

**II.  Plaintiff's Claims Two and Four Under the APA.**

The APA grants the Court jurisdiction to review agency actions only when "there is no other adequate remedy in a court." 5 U.S.C. § 704.  The Court notes Plaintiff brought Claims Two and Four under the APA and Claims One and Three on identical facts under the ESA.  Thus, the Magistrate Judge found the citizen-suit provision of the ESA, *see* 16 U.S.C. § 1540(g), provides an adequate remedy for Plaintiff's claims and, therefore, the Magistrate Judge recommends this Court dismiss Plaintiff's Claims Two and Four.

Because no objections were timely filed as to the Findings and Recommendation regarding Plaintiff's Claims Two and Four, this Court is relieved of its obligation to review this portion of the record *de novo*.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).  Having reviewed the legal principles *de novo*, the Court does not find any error and adopts the Magistrate Judge's recommendation to dismiss Plaintiff's Claims Two and Four.

**III. Plaintiff's Claim Three Under the ESA.**

The Magistrate Judge recommends this Court find Plaintiff has standing to bring Claim Three in which Plaintiff challenges FWS's noncompliance with its statutory duty to perform a status review of the Oregon chub.  The Magistrate Judge also recommends

17 - OPINION AND ORDER

the Court deny Defendants' Motion to Dismiss Plaintiff's Claim
Three as "prudentially moot."  Instead the Magistrate Judge
recommends this Court stay further proceedings as to Claim Three
until FWS completes its status review.

Defendants object to the Magistrate Judge's recommendation
to deny Defendant's Motion to Dismiss Plaintiff's Claim Three.
Plaintiff, in turn, objects to the Magistrate Judge's
recommendation to stay further proceedings as to Claim Three
pending FWS's completion of the status review of the Oregon chub.
Thus, the Court reviews these portions of the Findings and
Recommendation *de novo*.

**A.   Standing.**

The Magistrate Judge recommends this Court deny Defendants'
Motion to Dismiss Plaintiff's Claim Three on the basis that
Plaintiff does not have standing because the Magistrate Judge
finds Plaintiff, as an organization whose central purpose is to
protect wildlife, has standing to challenge FWS's failure to
perform a status review of the Oregon chub.  Defendants do not
provide a basis for their objections and appear to object in
order to preserve their rights on appeal.

The Court, nevertheless, has reviewed the facts and the law
*de novo* and does not find any error.  Thus, the Court adopts the
Magistrate Judge's recommendation.

18 - OPINION AND ORDER

**B.    Prudential Mootness**.

The Magistrate Judge recommends this Court deny Defendants' Motion to Dismiss Plaintiff's Claim Three on the basis that it is prudentially moot.  Defendants object to the Magistrate Judge's recommendation on the ground that after FWS finishes the status review of the Oregon chub, neither an injunction requiring completion of the status review nor a declaratory judgment finding FWS's inaction violated the ESA will provide Plaintiff relief for its alleged injury.  Defendants, therefore, assert this Court should find Plaintiff's Claim Three is prudentially moot.

Prudential mootness is a discretionary doctrine employed when a case is not moot for Article III purposes,[1] but prudence suggests the court, nevertheless, should treat the case as moot. *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005).  The central inquiry as to prudential mootness is whether a court should exercise its discretion by finding a case moot because the Court cannot grant meaningful relief.  *S. Utah Wilderness Alliance* (SUWA) *v. Smith*, 110 F.3d 724, 727 (10th Cir. 2004). The Ninth Circuit has not explicitly adopted the prudential-mootness doctrine.  *See Or. Nat. Desert Ass'n*, 2007 WL 1072112,

---

[1] Article III mootness requires a court to dismiss a case when the court can no longer grant effective relief due to changes in circumstances during the litigation. *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005).

at *6.  Other circuits, however, have recognized the doctrine.
*See, e.g., Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005);
*Voyageurs Nat'l Park Ass'n. v. Norton*, 381 F.3d 759, 765-67
(8th Cir. 2004); *SUWA*, 110 F.3d at 727-29 (10th Circuit).

Without deciding whether the Ninth Circuit would be likely
to invoke the doctrine in these circumstances, the Magistrate
Judge recommends this Court should not deem Plaintiff's Claim
Three to be moot.  The Magistrate Judge pointed out that the
courts in *Voyageurs* and *SUWA* found claims prudentially moot
because the consultation the plaintiffs sought to compel under
the ESA was already completed.  *See Voyageurs*, 381 F.3d at
765-67; *SUWA*, 110 F.3d at 727-29.  Here the Court would still
be able to grant the relief sought by Plaintiff because
"[D]efendants' belated five-year review has been initiated but is
not complete; [and] were the Institute's claim to be dismissed at
this stage, nothing would prevent defendants from reverting to
their former nonfeasance, and either shelving or inadequately
completing the initiated review."

This Court has carefully considered Defendants' Objections
and concludes they do not provide a basis to modify the
Magistrate Judge's Findings and Recommendation as to prudential
mootness.  Accordingly, this Court adopts the Magistrate Judge's
recommendation that Plaintiff's Claim Three is not prudentially
moot.

20 - OPINION AND ORDER

C.    **Stay of Proceedings.**

The Magistrate Judge recommends a stay of the proceedings as to Claim Three pending completion of FWS's status review initiated in March 2007. *See* 72 Fed. Reg 10,547 (Mar. 8, 2007). Plaintiff, however, objects to the imposition of a stay and emphasizes Defendants have not completed a status review of the Oregon chub since the species was listed as an endangered species 14 years ago. Moreover, Plaintiff seeks injunctive relief and requests the Court to require FWS to comply with its statutory duty to complete a status review of the Oregon chub at least once every five years as long as the species remains listed as endangered as required under 16 U.S.C. § 1533(c)(2).

In *Biodiversity Legal Foundation v. Badgley*, the Ninth Circuit held the usual "exercise of [a court's] discretion is foreclosed [under the ESA] when statutorily imposed deadlines are not met." 309 F.3d 1166, 1178 (9th Cir. 2002). See also *TVA v. Hill*, 437 U.S. 153 (1978). In other words, the court held Congress already has weighed the equities in favor of avoiding the loss of species. *Id.* at 1177-78. "The substantive and procedural provisions of the ESA are the means determined by Congress to assure adequate protection. Only by requiring substantial compliance with the act's procedures can we effectuate the intent of the legislature." *Id.* In *Biodiversity Legal Foundation*, the Ninth Circuit concluded, "[I]n the context

of the ESA, Congress [has] foreclosed the exercise of the usual discretion possessed by a court of equity" to determine whether to issue an injunction for violations of federal law.  309 F.3d at 1178 (internal quotations omitted).

Here the Magistrate Judge recommends the Court stay further proceedings as to Claim Three on the ground that it would promote judicial economy and eliminate "the risk of moot proceedings." As noted, however, the Court's discretion is circumscribed when addressing violations of the ESA.  The Court agrees with the Magistrate Judge's finding that, in the absence of Court intervention, "nothing would prevent defendants from reverting to their former nonfeasance, and either shelving or inadequately completing the initiated review."  In light of this circumstance, the Ninth Circuit's decision in *Biodiversity Legal Foundation*, and Defendants' admitted violation of their nondiscretionary, statutory duty under the ESA, the Court, accordingly, denies Defendants' Motion to Dismiss Plaintiff's Claim Three and declines to stay further proceedings as to Plaintiff's Claim Three.

## CONCLUSION

The Court **ADOPTS in part** and **MODIFIES in part** Magistrate Judge Papak's Findings and Recommendation (#23).  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Claim

22 - OPINION AND ORDER

One, **GRANTS** Defendant's Motion to Dismiss Plaintiff's Claims Two and Four, **DENIES** Defendants' Motion to Dismiss Plaintiff's Claim Three, and **DENIES** Defendants' request for a stay of proceedings as to Plaintiff's Claim Three.

IT IS SO ORDERED.

DATED this 16th day of November, 2007.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

23 - OPINION AND ORDER