```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON


INSTITUTE FOR WILDLIFE PROTECTION,        07-CV-358-PK

              Plaintiff,                  OPINION AND ORDER

v.

UNITED STATES FISH AND
WILDLIFE SERVICE and DIRK
KEMPTHORNE,

              Defendants.


DON R. WEBB
Institute for Wildlife Protection
2630 Elinor Street
Eugene, OR 97403
(541) 434-6630

              Attorney for Plaintiff


1 - OPINION AND ORDER
```

**KARIN J. IMMERGUT**
United States Attorney
**STEPHEN J. ODELL**
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-1024
(503) 727-1024

**LAWSON EMMETT FITE**
Assistant Attorney General
United States Department of Justice
Wildlife & Marine Resources Section
P.O. Box 7369
Washington, DC 20044
(202) 305-0217

       Attorneys for Defendants


**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#66) on August 21, 2008, in which he recommends this Court grant Plaintiff Institute for Wildlife Protection's Substituted Motion (#59) Re: Costs of Litigation Including Attorneys Fees and award Plaintiff **$104,902.47** in attorneys' fees and **$2,451.04** in costs. Plaintiff filed timely objections to the Findings and Recommendation (#45). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's

2 - OPINION AND ORDER

report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United *States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Plaintiff objects to (1) the method the Magistrate Judge used to determine the appropriate hourly rate, (2) the Magistrate Judge's recommendation that the Court reduce the number of hours that form the basis of Plaintiff's request for attorneys' fees, and (3) the Magistrate Judge's recommendation that the Court deny Plaintiff's request for an award of the costs of Plaintiff's access to legal databases.

**I.   Appropriate Hourly Rate**

To determine the appropriate hourly rate for Plaintiff's counsel in this matter, the Magistrate Judge relied on the median hourly rate of $206 (adjusted for inflation) for attorneys who practice across the District of Oregon as reported in the 2007 Oregon State Bar Economic Survey.  Plaintiff objects to this rate on the grounds that (1) environmental law is a complex area that warrants an enhanced hourly rate and (2) even though Plaintiff's counsel practices in Eugene, the Court should have applied the average hourly rate in Portland of $225 per hour (adjusted for inflation) because this matter was heard in Portland.

**A.   Enhanced Hourly Rate**

The Magistrate Judge noted even though environmental law is a complicated subject area, Defendants here conceded the

3 - OPINION AND ORDER

environmental questions at the beginning of this matter. Plaintiff, therefore, was not required to litigate complicated environmental questions.  This Court agrees.

The Magistrate Judge noted Plaintiff's counsel spent 89.5 hours performing prelitigation legal research and drafting the notice letter and Complaint.  The Magistrate Judge pointed out, however, that conducting such an amount of prelitigation legal research is inconsistent with the assertion of Plaintiff's counsel that his expertise in environmental law warrants an enhanced hourly rate.  *See, e.g., Gardner v. Martin*, No. 05-CV-769-HU, 2006 WL 2711777, at *11 (D. Or. Sept. 19, 2006)("A highly seasoned specialist, by virtue of his or her experience, should handle the case more efficiently and with fewer hours needed for research and preparation of the motion than a less experienced, but competent junior lawyer."); *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983)("A fee applicant cannot demand a high hourly rate - which is based on his or her experience, reputation, and presumed familiarity with the applicable law - and then run up an inordinate amount of time researching the same law.").

Finally, the Court notes the court in *Love v. Reilly*, the case that Plaintiff relies on to support his assertion that environmental law is a complex area requiring an enhanced fee, merely concluded environmental law may be a specialty that is

4 - OPINION AND ORDER

exempt from the $125 cap on hourly rates set in the Equal Access to Justice Act (EAJA).  924 F.2d 1492, 1496 (9th Cir. 1991).  In *Love*, the court did not address the issue of enhanced attorneys' fees outside of the context of the EAJA, and, therefore, *Love* is not controlling here.

    **B.   Application of Median Rates in Oregon**

       Plaintiff asserts the Magistrate Judge erred when he used the median hourly rate for attorneys who practice across the State of Oregon and who have the same experience as Plaintiff's counsel rather than applying the hourly rates for equally experienced attorneys who practice specifically in Portland.  Plaintiff relies on *Schwarz v. Secretary of Health & Human Services,* 73 F.3d 895 (9th Cir. 1995), to support his assertion that the Court should apply Portland rates.  The *Schwartz* court determined "[a] district court should calculate [the] reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits."  *Id*. at 906.  The court, however, must also consider "the experience, skill, and reputation of the attorney requesting fees."  *Id*.

      The hourly rate a court awards is ultimately a matter of discretion.  *Id*.  For example, the Ninth Circuit concluded in *Gates v. Deukmejian* that the district court did not abuse its discretion when it awarded fees to San Francisco lawyers at San

5 - OPINION AND ORDER

Francisco market rates even though the forum district was Sacramento because the plaintiffs had established "local counsel [in Sacramento] was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."  987 F.2d 1392, 1405 (9th Cir. 1993).  The Ninth Circuit noted

> just as it was within the district court's discretion in *Gates* to look to the prevailing market rate in the community in which the plaintiff's lawyer typically practices based on evidence that no qualified lawyer was available in the forum, it was within the court's discretion in this case, based on the record before it, to conclude otherwise.

*Schwartz*, 73 F.3d at 907.

Here the Magistrate Judge used Oregon-wide hourly rates as the basis for the attorneys' fees requested by Plaintiff based on the experience and skill of Plaintiff's counsel as well as the relative lack of complexity of the matters litigated.  The Court does not find any error in the Magistrate Judge's balancing of factors to determine the hourly rate in this matter.

Thus, after considering the Objections made by Plaintiff as to the hourly rate used by the Magistrate Judge and after reviewing the record, this Court does not find any error in the Magistrate Judge's Findings and Recommendation as to the appropriate hourly rate.

6 - OPINION AND ORDER

**II.   Reductions to Counsel's Time**

Plaintiff's counsel objects to the Magistrate Judge's recommendation that the Court reduce the attorneys' fees requested by Plaintiff's counsel for time spent verifying the details of Plaintiff's fee bill, time spent drafting his request for attorneys' fees, and for one hour of an expert's time.

**A.   Hours to Review Fee Petition**

The Magistrate Judge declined to award attorneys' fees to Plaintiff's counsel for the time he spent reviewing his fee petition for accuracy.  The Magistrate Judge noted clerical tasks such as reviewing time records are typically considered overhead expenses, are reflected in an attorney's hourly billing rate, and, therefore, are not reimbursable as attorneys' fees.  The Court agrees.

Counsel has a duty to ensure the accuracy of fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)(concluding the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed.").  In addition, the Supreme Court has held "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *City of Riverside v. Rivera*, 477 U.S. 561, 592 (1986)(quotation omitted).  It is unlikely that Plaintiff's counsel would bill his client for checking his own time records,

7 - OPINION AND ORDER

and, therefore, the opposing party should not be charged for these costs.

Thus, the Court does not find any error in the Magistrate Judge's recommendation to decline to award attorneys' fees to Plaintiff's counsel for the time he spent checking his time records.

### B.   Preparation for Attorneys' Fee Request

Plaintiff objects to the Magistrate Judge's recommendation that the Court reduce the number of hours requested by Plaintiff for attorneys' fees time spent preparing and litigating the fee issue in this matter.

The Magistrate Judge correctly noted the Ninth Circuit has approved a reduction in attorneys' fees for "fee-on-fees" by the ratio of the fees actually awarded in the underlying fee dispute to the amount requested. *See, e.g., Thompson v. Gomez*, 45 F.3d 1365, 1366-68 (9th Cir. 1995).  Following this methodology, the Magistrate Judge recommended reducing by 32% the amount of fees requested by Plaintiff's counsel for litigating the fee issue.  Plaintiff does not cite any authority that indicates the methodology followed by the Magistrate Judge is inappropriate or legally incorrect.  The Court, therefore, does not find any error in the Magistrate Judge's Findings and Recommendation as to the reduction of the amount of attorneys' fees awarded for litigating the fee issue in this case.

8 - OPINION AND ORDER

    **C.**    **Expert's Time**

The Magistrate Judge recommended this Court decline to award fees to Plaintiff for one hour of expert Karl G. Anuta's time because Plaintiff failed to adequately document its request. Although Plaintiff submitted two supplemental Memoranda without permission of the Magistrate Judge and before the Magistrate Judge issued the Findings and Recommendation in this matter, these Memoranda failed to address the hour of time that is at issue. In any event, Plaintiff had ample opportunity to document the one hour for expert fees before the Magistrate Judge issued his Findings and Recommendation. To remedy the lack of documentation, Plaintiff finally submitted a Declaration that pertained to this issue with its Objections. *See Davico v. Glaxo SmithKline Pharms*, No. 05-CV-6052-TC, 2007 WL 2984014, at *1 (D. Or. Oct. 9, 2007).

On this record, the Court, in the exercise of its discretion declines to consider the new evidence. Accordingly, the Court does not find any error in the Magistrate Judge's Findings and Recommendation for this Court to decline to award the expert fee at issue.

**III. Costs to Access Legal Databases**

Plaintiff objects to the Magistrate Judge's recommendation that the Court decline to award Plaintiff the costs of accessing legal databases for legal research. Defendants concede the Ninth

9 - OPINION AND ORDER

Circuit has held costs for accessing legal databases are compensable if billing them is standard practice in the forum district. *Trustees of Const. Indust. v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006). Plaintiff, however, did not establish billing for the cost of accessing legal databases is standard practice in the District of Oregon. Moreover, as the Magistrate Judge noted, this Court does not generally allow reimbursement for costs incurred in connection with computer-assisted legal research. *See First Interstate Bank of Or. v. United States*, No. 94-CV-917-HA, 1995 U.S. Dist. LEXIS 8554, at *4-5 (D. Or. June 3, 1995).

On this record, the Court, therefore, does not find any error in the Magistrate Judge's recommendation that the Court decline to award Plaintiff the costs of accessing legal databases for legal research.

In summary, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#66), **GRANTS** Plaintiff Institute for Wildlife

10 - OPINION AND ORDER

Protection's Substituted Motion (#59) Re: Costs of Litigation Including Attorneys Fees, and awards Plaintiff **$104,902.47** in attorneys' fees and **$2,451.04** in costs.

 IT IS SO ORDERED.

 DATED this 5th day of November, 2008.

             /s/ Anna J. Brown
             _____
             ANNA J. BROWN
             United States District Judge

11 - OPINION AND ORDER